**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 13-cv-00281-MSK-CBS

**VIRGINIA EVERARD,**

    Plaintiff,

v.

**COLORADO HOUSING AUTHORITY AND FINANCE, and
PUBLIC TRUSTEE of Routt County, Colorado,**

    Defendants.

---

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

---

    **THIS MATTER** comes before the Court pursuant to the Plaintiff's "Emergency Motion for Preliminary Injunction" **(# 2)**, which the Court treats as both a motion for temporary restraining order under Fed. R. Civ. P. 65(b) and a motion for preliminary injunction under Rule 65(a).[1]

## FACTS

    According to the Complaint **(# 1)**, in or about October 2008, Ms. Everard[2] received a mortgage loan from Cherry Creek Mortgage Co. ("Cherry Creek") to purchase a parcel of real

---

[1] Also pending is the Plaintiff's "Motion to Waive or Set Bond at a Nominal Amount" **(# 3)**, requesting that any bond required in conjunction with a temporary restraining order be minimal. Because the Court denies the request for provisional injunctive relief, the "motion to waive..." is denied as moot.

[2] The Complaint itself makes no mention of a co-borrower, but Ms. Everard's motion for injunctive relief mentions that she is the owner of a "one-half undivided interest [in] the property." Given that the relief requested by Ms. Everard in this action includes rescission of the mortgage, the presence of a non-party co-mortgagor might require joinder of that co-mortgagor

property in Routt County, Colorado. In exchange for the mortgage, Ms. Everard gave a promissory note to Cherry Creek and although not specifically stated, it appears that she secured that note with a Deed of Trust in favor of the Defendant Public Trustee. At some point in time, although the Complaint gives no indication of how or when, the note Ms. Everard gave to Cherry Creek was apparently transferred to Defendant Colorado Housing Authority and Finance ("the Authority").

Ms. Everard made payments on the note until approximately June 2011. At that time, she contacted the Authority to inquire about the possibility of a modification or restructuring of the loan. Ms. Everard contends that the Authority advised her that only loans in default could be considered for a modification, and thus, "instructed [her] to purposely stop making her mortgage payments in order to qualify." After three months, the Authority commenced foreclosure proceedings against Ms. Everard, while, purportedly, considering her request for a modification. Ms. Everard contends that she attempted to make the July and August 2011 mortgage payments at this time, but that the Authority returned those payments to her.

A foreclosure sale of the property was initially scheduled for January 2012, but the Complaint indicates that Ms. Everard filed for a Chapter 7 bankruptcy on January 18, 2012. The Complaint further states that the Chapter 7 proceeding was converted to a Chapter 13 proceeding, and she is now under an interim plan by which Ms. Everard "continue[s] to make post-bankruptcy petition mortgage payments directly to the Defendant." However, the Complaint acknowledges that the Authority has sought relief from the automatic stay for

---

or dismissal of the action for failure to join a necessary party. Nevertheless, for purposes of the request for injunctive relief, the Court will assume that Ms. Everard is the only borrower on the mortgage at issue.

purposes of effectuating the instant foreclosure,[3] and the Bankruptcy Court granted such relief on January 4, 2013. Ms. Everard alleges that a foreclosure sale of the property has been scheduled for February 6, 2013.

Ms. Everard's Complaint alleges several claims for relief: (i) a "claim" for "temporary and permanent injunctive relief," which essentially seeks an injunction both rescinding the 2008 mortgage and restraining the Defendants from "performing any act to deprive Plaintiffs [sic] of ownership or possession of her [sic] real property"[4] (and affording other types of non-injunctive relief, including "general damages" and "disgorgement" of unspecified "converted assets"); (ii) a claim for declaratory relief, under unspecified authority, requesting that the Court indicate "whether Plaintiff qualifies for a loan modification under the Home Affordable Mortgage Program ("HAMP") or any and all other government programs currently available"[5]; (iii) a claim titled "Unfair Debt Collection Practices and Real Estate Settlement Procedures Act 12 U.S.C. § 2605(k)," which alleges that "Defendants, and each of them, in taking the actions

---

[3] The Court takes judicial notice of the contents of the docket in the bankruptcy case, including the Authority's allegation in its motion for relief from stay that Ms. Everard (and Richard Everard, a co-Debtor and co-borrower on the mortgage) is delinquent on 9 post-petition payments required under the interim plan. Nevertheless, as the Court is required to treat all the factual allegations in the Complaint as true for purposes of the instant motion, it will accept Ms. Everard's contention that she is fully compliant with the interim plan.

[4] The requested injunction is premised on allegations that the Defendants violated: (i) the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (ii) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and (iii) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* The Court notes that, notwithstanding the mention of TILA in the "temporary and permanent injunctive relief" claim, the Complaint contains no enumerated cause of action clearly alleging a TILA violation.

[5] The "Home Affordable Modification Program" is mentioned only in 12 U.S.C. § 5219a and §5219b, both of which only contain directives to the Secretary of the Treasury to perform certain tasks. Courts have explained that the program "offer[s] financial incentives [from the government] to mortgage servicers who agreed to . . . modifications on behalf of the mortgage holders." *Loan Modification Group, Inc. v. Reed*, 694 F.3d 145, 147 (1st Cir. 2012). Consequently, courts have concluded that "there is no discernable legislative intent to create a private right of action" by borrowers against mortgage holders or servicers under the legislation. *Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1116 (8th Cir. 2012).

aforementioned" violated unspecified provisions of the FDCPA and RESPA, and specifically violated 12 U.S.C. § 2605(k)(1)(C) in that the Defendants "fail[ed] to respond timely to requests to correct errors relating to allocation of payments"; (iv) a common-law claim for unjust enrichment, arising out of "the unlawful foreclosure of Plaintiff's property"; (v) a common-law claim for promissory estoppel, in that the Authority "represented to Plaintiff that they would and could modify her mortgage" if she went into default; (vi) a claim entitled "demand for accounting," under unspecified authority, requesting "an accounting of the amortization schedule and calculated interest for the aforementioned loan modification from Defendant"; (vii) a claim entitled "wrongful foreclosure based on Colorado Credit Agreements Statute of Frauds," C.R.S. § 38-10-124, alleging that Ms. Everard "never executed a credit agreement" with the Authority, and is "thus in doubt of Defendants' legal rights under the Note and Deed of Trust Contracts," such that "Defendants . . . have failed to demonstrate that they have the legal right to foreclose on the Property or even threaten foreclosure"; (viii) a claim for violation of an unspecified provision of the FDCPA, in that the Defendants "misrepresent[ed] to Plaintiff . . . that they would modify the loan when the true facts are that they were proceeding with foreclosure nonetheless" and returned her tendered payments "with the intent of inducing Plaintiff to not seek alternative financial and/or other legal remedies"; (ix) a common-law claim for negligence, in that the Defendants breached an undescribed duty of care arising out of their status "as Mortgage lenders and holders of Plaintiff's Deed of Trust"; and (x) a common-law claim for breach of the covenant of good faith and fair dealing, arising out of "Plaintiff's Deed of Trust more specifically accounting, reinstatement rights, and causing Plaintiff to default."

Simultaneously, Ms. Everard filed the instant Forthwith Motion for Preliminary Injunction **(# 2)**. That motion, which is not supported by affidavits or other evidentiary material,

summarizes the Complaint, includes the additional contention that Ms. Everard is "ready, willing, and able to cure any default under the terms of the Noted and Deed of Trust by paying all amounts due and owing that are lawfully assessed . . ." and contentions that she has "tendered all amounts required to bring the loan current" but that "such payments were refused." However, the motion also notes that the amount currently due on the loan "is in dispute," suggesting that Ms. Everard disagrees with the Authority as to the true amount of any delinquency, and, thus, her willingness to tender funds necessary to bring the loan up to date extends only to the extent of her own calculations as to the amount of any delinquency, not the Authority's.

## ANALYSIS

### A. Standard of review

To obtain a temporary restraining order on an *ex parte* basis, a party must, at a minimum, satisfy the requirements of Fed. R. Civ. P. 65(b)(1)(A) and (B), namely: (i) "an affidavit or a verified complaint" containing factual allegations that clearly show that immediate and irreparable injury will result before the adverse party can be heard in opposition; and (ii) a certification from the movant's attorney as to "any efforts made to give notice" to the other party, as well as a showing of "the reasons why [such notice] should not be required." In addition, courts have also considered whether the movant has made a sufficient showing as to the traditional factors warranting preliminary injunctive relief, namely: (i) a likelihood of success on the merits; (ii) an imminent irreparable injury, (iii) the balance of equities tipping in favor of the movant; and (iv) that the requested relief is not adverse to the public interest. *Goldenhersh v. Aurora Loan Services, LLC*, 2010 WL 3245166 (D. Colo. Aug. 16, 2010) (slip op.).

### B. Compliance with Rule 65(b) requirements

Ms. Everard has failed to comply with the facial requirements of Fed. R. Civ. P. 65(b)(1)(A) and (B). Her Complaint is not verified, nor are the allegations in her request for a temporary restraining order supported by an affidavit, as required by Rule 65(b)(1)(A). Similarly, her attorney has not certified the attempts that have been made to give notice of the request for injunctive relief to the Defendants nor shown why such advance notice should not be required, rendering her noncompliant under Rule 65(b)(1)(B). The record does not, for example, establish when the February 6 foreclosure sale was first set, nor demonstrate why Ms. Everard's last-minute request to halt that sale could not have been made earlier, such that the Defendants could have been heard in opposition. For these grounds alone, the Court would deny any request for a temporary restraining order under Rule 65(b).

### C. Preliminary injunction factors

Even assuming the Court were to overlook Ms. Everard's failure to comply with the facial requirements of Rule 65(b), the Court would nevertheless decline to grant any provision injunctive relief, finding that Ms. Everard's Complaint and supporting motion fail to demonstrate a likelihood of success on any claim that could afford relief that would be sufficient to avoid any foreclosure that might occur.

Broadly stated, Ms. Everard seeks two categories of relief – money damages and rescission or modification of her mortgage. Only the latter would negate the note and Deed of Trust themselves; so long as the mortgage remains extant, and Ms. Everard remains delinquent on it, the party holding rights in the note and deed of trust has the right to foreclose. Although Ms. Everard asserts numerous claims in her Complaint, only TILA – and the Court notes again that Ms. Everard's Complaint does not clearly allege a distinct, enumerated TILA claim – provides rescission of the mortgage as a possible remedy (and it is by no means clear that

rescission would be an available remedy under these circumstances even if Ms. Everard could succeed on a TILA claim). *Goldenhersh*, *id.* at n. 2. Moreover, a condition of Ms. Everard obtaining relief in the form of rescission would necessarily be a concomitant obligation on Ms. Everard herself to tender back the full amount of the principal balance she received under the mortgage. *Id.* In other words, if Ms. Everard wishes to return to a state of affairs before she incurred the mortgage obligation, she is obligated to restore the Authority to that state as well. Needless to say, there is no indication that Ms. Everard has or is likely to have the ability to repay the outstanding balance of the mortgage such that she is likely to obtain relief in the form of rescission of the loan.

Similarly, to the extent that Ms. Everard seeks equitable remedies that would entitle her to some modification of the loan, the Court would necessarily condition such relief upon Ms. Everard first bringing the loan to a current state. Imposing such a requirement would fulfill the Court's obligation in granting equitable relief to ensure that both parties receive, as much as possible, the benefits of their bargain. Although Ms. Everard's motion makes a conclusory contention that she is prepared to bring the loan current, it is evident that she is either unwilling or unable to pay the balance that **the Authority**[6] contends is delinquent; otherwise, she could immediately effect a cure under C.R.S. § 38-38-104 and avoid the very foreclosure she requests this Court to enjoin.[7]

---

[6] Ms. Everard's pleadings are largely conclusory with regard to her contention that the Authority has miscalculated the amounts currently due. She offers no explanation as to the extent to which her calculations of the sums due differs from the Authority's, nor attempts to demonstrate the reason for any discrepancy, much less carry her burden of showing a likelihood that the Court will adopt her position over the Defendants'.

[7] Indeed, were the Court to even entertain enjoining the foreclosure, it would do so only upon Ms. Everard posting a bond under Rule 65(c) in the full amount of the Authority's calculations as to the current delinquency; any other relief would unduly impair the Authority's rights in this

Theoretically, Ms. Everard might ultimately succeed on some of her remaining claims – those that seek only monetary damages as relief – to such a degree that the amount of damages awarded could completely offset the amount of her delinquency or even complete indebtedness. Nevertheless, the Court cannot find a likelihood of such relief, in part because some of her claims permit only the award of actual economic damages (*c.f.* damages for emotional distress or inconvenience), *see e.g.* RESPA, 12 U.S.C. § 2605(f)(1)(A), and in part because Ms. Everard's claims are pled in such conclusory terms or invoke such dubiously-applicable authority[8] that the Court is unconvinced that she is likely to succeed to a significant degree on any claim.

Accordingly, the Court finds that Ms. Everard is not entitled to a temporary restraining order under Rule 65(b), nor has she made an adequate showing on the present record to warrant a hearing on a preliminary injunction under Rule 65(a).

---

matter, requiring it to both forego its right to receive timely payment of the amounts currently due, as well as its rights in the security against delinquency by Ms. Everard.

[8] See *supra,* regarding Ms. Everard's HAMP claims. In addition, Ms. Everard invokes the Colorado Credit Agreements Statute of Frauds, C.R.S. § 38-10-124, which appears to simply be an evidentiary rule requiring a writing when a claim for payment involves an alleged contract meeting the statute's terms, not creating any private right of action for damages. Moreover, the Court understands Ms. Everard to essentially concede that she gave a written note and Deed of Trust to Cherry Creek at the time she obtained the mortgage, making applicability of the Statute of Frauds largely irrelevant.

## CONCLUSION

For the foregoing reasons, Ms. Everard's Forthwith Motion For Preliminary Injunction (**# 2**) is **DENIED** (as both a request for a temporary restraining order under Rule 65(b) and a request for a preliminary injunction under Rule 65(a)), and her Motion to Waive or Set Bond (**# 3**) is **DENIED AS MOOT**.

Dated this 5th day of February, 2013.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge